IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVA A. KAYWOOD,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MILLS COLLEGE, a California non-profit corporation,<br><br>　　　　Defendant.<br>　　　　　　　　　　　　　　　　　／ | No. C-04-03706 MMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; VACATING HEARING**<br><br>(Docket No. 13) |

　　　Before the Court is defendant Mills College's motion to dismiss, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, certain claims in plaintiff Marva A. Kaywood's First Amended Complaint ("FAC"). Plaintiff has filed opposition, to which defendant has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter appropriate for decision on the papers, VACATES the hearing scheduled for May 27, 2005, and rules as follows.

　　　1. The First Cause of Action, alleging a claim for fraud, is subject to dismissal because plaintiff fails to plead defendant knew the statements it made on May 8, 2003, (see FAC ¶ 8), were false when made and that plaintiff justifiably relied to her detriment on such statements. See Agosta v. Astor, 120 Cal. App. 4th 596, 603 (2004) (holding essential elements of claim for fraud include defendant's knowledge of falsity and plaintiff's justifiable reliance on

statement).

2. The Second Cause of Action, alleging "Harassment in the Workplace," is subject to dismissal because plaintiff fails to allege the harassment was on account of plaintiff's membership in a class protected under a statute, such as Title VII or the Fair Employment and Housing Act ("FEHA").  See Sischo-Nownejad v. Merced Community College Dist., 934 F.2d 1104, 1109 (9th Cir. 1991) ("A hostile work environment requires the existence of severe or pervasive and unwelcome verbal or physical harassment because of a plaintiff's membership in a protected class.").

3. The Third Cause of Action, alleging a claim for wrongful termination in violation of public policy, is subject to dismissal because plaintiff fails to identify any public policy defendant allegedly violated.  See Deschene v. Pinhole Point Steel Co., 76 Cal. App. 4th 33, 43 (1999) (holding "public policy" necessary to support wrongful termination claim must be policy that "(1) is supported by a constitutional provision or statute; (2) inures to the benefit of the public at large; (3) is fundamental and substantial; and, (4) is well established at the time of plaintiff's discharge").

4. The Fourth Cause of Action, alleging a violation of the California Labor Code, is subject to dismissal because plaintiff fails to allege defendant's failure to pay plaintiff's wages within 72 hours of termination was willful.  See Cal. Labor Code § 201 (requiring employer to pay wages to discharged employee within 72 hours of termination); Cal. Labor Code § 203 (providing plaintiff may seek penalties against employer who "willfully fails to pay . . . any wages of an employee who is discharged" within time required under § 201).

5. The Fifth Cause of Action, alleging a claim for retaliation, is subject to dismissal because plaintiff fails to allege any retaliatory acts were taken on account of plaintiff's having engaged in any statutorily protected activity.  See Fisher v. San Pedro Peninsula Hosp., 214 Cal. App. 3d 590, 614 (holding plaintiff, to state claim for retaliation, must allege "she engaged in a protected activity, that she was thereafter subjected to adverse employment action by her employer, and there was a causal link between the two").

6. Defendant does not move to dismiss the Sixth Cause of Action.

7. The Seventh Cause of Action, alleging a claim for breach of the covenant of good faith and fair dealing, is subject to dismissal. To the extent the claim is based on defendant's breach of terms in the parties' employment contract, the claim is "superfluous." See Guz v. Bechtel Nat. Inc., 24 Cal. 4th 317, 352 (2000) (holding "remedy for breach of an employment agreement, including the covenant of good faith and fair dealing implied by law therein, is solely contractual") (emphasis in original). To the extent the claim is based on defendant's having acted unfairly in the manner in which the termination was handled, the claim is "unavailing." See id. (holding "[a]llegations that [a] breach was wrongful, in bad faith, arbitrary, and unfair are unavailing; there is no tort of 'bad faith breach' of an employment contract").

8. The Eighth Cause of Action, alleging a claim for "unfair labor practices" under California law, is subject to dismissal because plaintiff fails to allege sufficient facts to provide notice as to the nature of the "unfair" labor practices in which defendant engaged. See Self Directed Placement Corp. v. Control Data Corp., 908 F.2d 462, 466 (9th Cir. 1990) (holding complaint must include "enough details so as to provide defendant and the court with a fair idea of the basis of the complaint and the grounds claimed for recovery").

9. The Ninth Cause of Action, to the extent it alleges a claim for disability discrimination in violation of FEHA,[1] is subject to dismissal because plaintiff fails to allege that she could "perform the essential functions" of her job "with or without reasonable accommodation" and that she was "subjected to an adverse employment action because of [plaintiff's] disability." See Jensen v. Wells Fargo Bank, 85 Cal. App. 4th 245, 254 and n. 3 (2000) (emphasis added).

10. The Tenth Cause of Action, alleging a claim for disability discrimination in violation of the Americans with Disabilities Act ("ADA"), is subject to dismissal for the same reasons set forth above with respect to plaintiff's claim for disability discrimination under FEHA. See Kennedy v. Applause, Inc., 90 F.3d 1477, 1481 (9th Cir. 1996) (holding required elements of

---

[1] Defendant does not challenge the Ninth Cause of Action, to the extent it is based on defendant's alleged failure to provide family leave under the Family and Medical Leave Act and the California Family Rights Act. (See FAC ¶ 42.)

ADA discrimination claim include plaintiff's ability to perform essential functions of job with or without reasonable accommodation and adverse employment action taken because of plaintiff's disability).

11. The Eleventh Cause of Action, alleging "defamation of character," is subject to dismissal because plaintiff fails to allege defendant published, either orally or in writing, any false statements to third parties. See Shively v. Bozanich, 31 Cal. 4th 1230, 1242 (2003) (holding "[o]ne of the elements of the tort of defamation is 'publication'"). Further, although plaintiff generally refers to the statements as pertaining to defendant's "justification" for termination of plaintiff's employment, plaintiff fails to provide sufficient notice of the nature of the statements on which this claim is based.

12. The Twelfth Cause of Action, alleging a claim for slander, is subject to dismissal because plaintiff fails to provide any information as to the nature of the false statements on which this claim is based or to explain why this claim is distinct from the Eleventh Cause of Action. See id. (holding "[a] false and unprivileged oral communication attributing to a person specific misdeeds or certain unfavorable characteristics or qualities, or uttering certain other derogatory statements regarding a person, constitutes slander").

13. The Thirteenth Cause of Action, alleging a claim for intentional infliction of emotional distress, is subject to dismissal. As pleaded, the claim is preempted by the Workers' Compensation Act because plaintiff fails to allege that her "claims arise out of conduct that implicates fundamental public policy."[2] See Maynard v. City of San Jose, 37 F.3d 1396, 1405-1406 (9th Cir. 1994) (holding claims for intentional and negligent infliction of emotional distress that "implicate fundamental public policy considerations are not preempted by the Workers' Compensation Act").

14. The Fourteenth Cause of Action, alleging a claim for negligence, is subject to dismissal for the same reason set forth above with respect to the Thirteenth Cause of Action.

---

[2]As discussed above in reference to the Third Cause of Action, plaintiff has not identified the public policy implicated by defendant's actions.

4

See id.

15. The Fifteenth Cause of Action, alleging a claim for declaratory and injunctive relief, is subject to dismissal because plaintiff does not allege any ongoing controversy that would warrant the Court's providing declaratory or injunctive relief.  See Bird v. Lewis and Clark College, 303 F.3d 1015, 1019 (9th Cir. 2002) (holding plaintiff's claims for declaratory and injunctive relief "must demonstrate that [plaintiff] has suffered or is threatened with a 'concrete and particularized' legal harm, coupled with 'a sufficient likelihood that she will again be wronged in a similar way'") (internal citations omitted).

## CONCLUSION

For the reasons stated above, defendant's motion to dismiss is GRANTED as follows:

1. Plaintiff's First, Second, Third, Fourth, Fifth, Seventh, Eighth, Tenth, Eleventh, Twelfth, Thirteenth, Fourteenth and Fifteenth Causes of Action are DISMISSED in their entirety, with leave to amend to cure the deficiencies identified above.

2. Plaintiff's Ninth Cause of Action, to the extent it alleges a claim for disability discrimination in violation of FEHA, is DISMISSED, with leave to amend to cure the deficiencies identified above.

3. Plaintiff's Second Amended Complaint, if any, shall be filed no later than June 17, 2005.

**IT IS SO ORDERED.**

Dated: May 31, 2005

/s/ Maxine M. Chesney
MAXINE M. CHESNEY
United States District Judge